IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ANGELINA M. PHILLIPS,<br><br>  Plaintiff,<br><br>v.<br><br>STARZ VALLEY PRODUCTIONS, LLC, *et al.*,<br><br>  Defendants. | CIVIL ACTION FILE<br><br>NO. 1:25-cv-2676-AT-JKL |

## ORDER

This is an employment discrimination case in which Plaintiff Angelina M. Phillips, proceeding *pro se*, has alleged that various Defendants discriminated against her on the basis of her race and sex and retaliated against her in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII") while she worked for them during production of the television show P-Valley. [*See* Doc. 1-1; *see also* Doc. 6.] It is before the Court on Plaintiff's amended complaint and her request to proceed anonymously. [Docs. 3, 6.]

### I.   Plaintiff's Amended Complaint

Because Plaintiff is proceeding *in forma pauperis* ("IFP"), the Court must review Plaintiff's complaint for a frivolity determination to determine if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325

(1989). On May 14, 2025, the undersigned found that Plaintiff's original complaint failed to state a claim for relief because, among other things, it lacked specific factual allegations to plausibly support that plaintiff's race, color, sex, or any protected activity she engaged in were causally connected to the adverse actions taken against her. [*See* Doc. 2.] Plaintiff was therefore ordered to replead, and given detailed instructions on doing so. [*Id.*]

On May 29, 2025, Plaintiff filed her amended complaint.[1] [Doc. 6.] Significantly, however, Plaintiff did not sign or date her amended complaint. [*See id.* at 17.] Under the Federal Rules of Civil Procedure, "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented." Fed. R. Civ. 11(a). Moreover, the "court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention." *Id.*

---

[1] Plaintiff filed a "corrected complaint" on May 20, 2025, but it appears that this pleading was filed prior to her receipt of the Court's May 14 repleader Order, as it was docketed less than a week after that Order and does not fix the problems identified in the Order. [*See* Doc. 5.] The Clerk is therefore **DIRECTED** to **STRIKE** Plaintiff's corrected complaint. [Doc. 5.]

2

Plaintiff is therefore **DIRECTED** to file a **signed and dated** amended complaint in accordance with Rule 11 by no later than **June 16, 2025**. **If Plaintiff fails to do so, her amended complaint will be stricken, and the undersigned will recommend this action be dismissed**.

## II.     Motion to Proceed Anonymously

On May 20, 2025, Plaintiff filed a motion to seal her complaint and supporting exhibits and to proceed anonymously. [Doc. 3.]

Federal Rule of Civil Procedure 10(a) requires that a complaint "include the names of all parties." The Eleventh Circuit has found that this requirement "serves more than administrative convenience . . . . It protects the public's legitimate interest in knowing all of the facts involved, including the identities of the parties." *Doe v. Frank*, 951 F.2d 320, 322 (11th Cir. 1992) (citation omitted). "This creates a strong presumption in favor of parties' proceeding in their own names," *Plaintiff B v. Francis*, 631 F.3d 1310, 1315 (11th Cir. 2011), and courts permit plaintiffs to proceed under an anonymous or fictitious name only in "exceptional cases." *Frank*, 951 F.2d at 322.

Even so, "the rule is not absolute. A party may proceed anonymously in a civil suit in federal court by showing that [s]he has a substantial privacy right which outweighs the customary and constitutionally-embedded presumption of

3

openness in judicial proceedings." *Francis*, 631 F.3d at 1315-16 (citations and quotations omitted). To determine whether a plaintiff has demonstrated such a right, a court must consider "all the circumstances of a given case," but with particular and preliminary focus on three factors: (1) whether the plaintiff is seeking anonymity to challenge government activity; (2) whether the plaintiff will be required to disclose information of the utmost intimacy; and/or (3) whether the plaintiff will be compelled to admit an intention to engage in illegal activity and/or otherwise risk criminal prosecution. *Id.* at 1316 (citing *Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. Unit A 1981)). Other factors favoring anonymity include whether the plaintiff is a minor (or otherwise particularly vulnerable) and whether the plaintiff might be subject to violence or physical harm. *Id.* Anonymity is disfavored, however, if it "pose[s] a unique threat of fundamental unfairness to the defendant." *Id.* (citing *S. Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe*, 599 F.2d 707, 713 (5th Cir. 1979)). Courts may consider other factors as well based on the particularities of each case, and no single factor is necessarily dispositive. *See Frank*, 951 F.2d at 323. Overall, proceeding anonymously requires an exceptional circumstance, as there is a heavy presumption favoring openness and transparency in judicial proceedings. *Id.* at 324.

In support of her motion, Plaintiff contends only that she may suffer professional retaliation and that she fears for her safety if she is not allowed to proceed anonymously. [Doc. 3.] But Plaintiff has alleged that she was discharged from her employment, and has not explained what further retaliation she might suffer if this case were proceed under her name. Moreover, these retaliatory worries are "concerns that could be raised by plaintiffs in many employment discrimination cases," and denying leave to proceed anonymously or under a pseudonym is "consistent with decisions of other courts considering employment discrimination and other similar claims." *Doe v. Ind. Black Expo, Inc.*, 923 F. Supp. 137, 142-43 (S.D. Ind. 1996) (collecting employment discrimination cases); *see also Frank*, 951 F.2d at 323-24 (denying motion to proceed anonymously in Rehabilitation Act case); *Doe v. Fedcap Rehab. Servs., Inc.*, No. 17-CV-8220 (JPO), 2018 WL 2021588, at *3 (S.D.N.Y. Apr. 27, 2018) ("At bottom, Plaintiff wants what most employment-discrimination plaintiffs would like: to sue their former employer without future employers knowing about it. But while that desire is understandable, our system of dispute resolution does not allow it."). As a result, this factor does not weigh in favor of allowing Plaintiff to proceed anonymously, as the mere specter of future unlawful discrimination or retaliation does not

5

warrant fictitious pleading as a matter of course, and Plaintiff has identified nothing exceptional allowing the Court to permit it in this case.

As for her personally safety, Plaintiff observes only that someone threw paint on her work vehicle and driveway in October 2024. Notably, neither Plaintiff nor, apparently, anyone investigating the incident, has connected the paint-throwing to the events or individuals involved in the circumstances underlying this action, and Plaintiff does not appear to have suffered from any similar incidents since then, despite filing an EEOC charge of discrimination and proceeding with a federal lawsuit. And "those courts which have allowed parties to proceed anonymously [as a result of the threat of violence] did so because the party produced particularized evidence demonstrating that he or she would be subjected to violence." *Fla. Action Comm., Inc. v. Seminole Cnty.*, No. 615CV1525ORL40GJK, 2016 WL 6080988, at *3 (M.D. Fla. Oct. 18, 2016) (citing *Femedeer v. Haun*, 227 F.3d 1244, 1246 (10th Cir. 2000) and *Doe v. Tandeske*, No. A03-231 CV (JWS), 2003 WL 24085314, at *2 (D. Alaska Dec. 5, 2003)); *cf Doe #1-#14 v. Austin*, No. 3:21-CV-1211-AW-HTC, 2021 WL 10395929, at *3 (N.D. Fla. Dec. 1, 2021) ("To the extent they argue that their participation in the litigation will subject to them to [harm], they simply have not shown this to be so."). Plaintiff's

6

argument here simply fails to demonstrate anything beyond her own speculation that she might suffer harm if she is required to proceed under her own name.

In the end, because Plaintiff has not demonstrated that there are exceptional circumstances in this case—not present in most discrimination and retaliation cases—that warrant concealing her identity entirely, her motion is **DENIED**.

## CONCLUSION

For the reasons set forth above, Plaintiff is **ORDERED** to file a signed and dated amended complaint that complies with the directives in the Court's May 14 Order no later than **June 16, 2025**. Plaintiff's failure to do so may result in the dismissal of her action. Plaintiff's motion to seal and to proceed anonymously is **DENIED**. [Doc. 3.]

The Clerk is **DIRECTED** to resubmit the case to the undersigned on **June 18, 2025**.

IT IS SO ORDERED this 2nd day of June, 2025.

_____
JOHN K. LARKINS III
United States Magistrate Judge